UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br>v.<br><br>SECURE CAPITAL FUNDING CORPORATION, et al.<br><br>                              Defendants. | RECEIVED<br>AUG 13 2012<br>AT 8:30_____M<br>WILLIAM T. WALSH, CLERK<br><br>Case No. 3:11- cv-00916-AET-DEA |

## JUDGMENT AS TO DEFENDANT BERTRAM A. HILL

The U.S. Securities and Exchange Commission ("Commission') having filed a First Amended Complaint ("FAC")  (Document 29), and Defendant Bertram A. Hill (hereafter, "Defendant") having answered and consented to entry of this Judgment without admitting or denying the allegations of the FAC (except as to jurisdiction and venue, which Defendant admits, except as otherwise admitted in Defendant's Answer [Document 34] to the FAC and except as provided in Section V below), waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that**

A.     Defendant, both in his personal capacity and in his capacity as a current or former officer and director of Secure Capital Funding Corporation ("SCFC") and/or in his

capacity as agent, representative or employee of Secure Trust, ST Underwriters Corporation, Alan Smith and/or H. Draudins, shall provide full cooperation to the Commission in seeking to repatriate to the territory of the United States of America, and shall take such steps as are necessary to repatriate, any and all assets and funds, held by or in the name of Defendant and/or SCFC or which Defendant and/or SCFC, directly or indirectly, has or had any beneficial interest, or over which Defendant and/or SCFC maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1. Held in any foreign bank, brokerage or other financial accounts:

2. Transferred out of the United States from any account within the territory of the United States at any point from December 1, 2010 to the present.

B.  Defendant, in his personal capacity, shall provide full cooperation to the Commission in seeking to repatriate to the territory of the United States of America, and shall take such steps as are necessary to repatriate, any and all assets and funds Defendant received from SCFC, Secure Trust, ST Underwriters Corporation, Alan Smith and/or H. Draudins that were transferred into any account in which Defendant, directly or indirectly, had or has any beneficial interest in his personal capacity, or over which Defendant maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1. Held in any foreign bank, brokerage or other financial accounts:

2. Transferred out of the United States from any account within the territory of the United States at any point from December 1, 2010 to the present.

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication

in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from September 1, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing or other proceedings held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, hearing and any other proceedings related thereto, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

depositions, and documentary evidence. In connection with the Commission's motion for disgorgement and/or civil penalties, the Commission may take discovery, including discovery from Defendant or any other appropriate persons or entities.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent executed by Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Entered this 6th day of August, 2012.

_____
ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE