NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civ. No. 11-00916 |
| v. | OPINION |
| SECURE CAPITAL FUNDING CORPORATION, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter has come before the Court upon Plaintiff U.S. Securities and Exchange Commission's ("Plaintiff's") Motion to Dismiss Defendant Secure Trust without Prejudice. (Doc. No. 86). The motion is unopposed.[1] The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 78.1(b). For the reasons included herein, the Court grants Plaintiff's motion.

### DISCUSSION[2]

Under Federal Rule of Civil Procedure 21, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "[A] Court may exercise its discretion to sever or drop defendants if it concludes that doing so would further the interests of

---

[1] The attempted submissions of H. Draudins are not considered in this Opinion, as Mr. Draudins has repeatedly failed to join as a legitimate party in this case.

[2] For the Procedural History and Factual Background of this case, please refer to the Opinion issued this same day with respect to Plaintiff's Motion for Default Judgment as to Defendants Secure Capital Funding Corporation ("SCF"), ST Underwriters Corporation ("STUC"), Alan Smith ("Smith"), and Kiavanni Pringle ("Pringle") (collectively "Defendants"). (Doc. No. 85).

judicial economy without prejudice to any party." *Malibu Media, LLC v. Surgent*, Civ. No. 12-3905, 2013 WL 1704289, at *2 (D.N.J. Apr. 19, 2013) (citing Fed. R. Civ. P. 20(b), 21 and 42(b); *Patrick Collins, Inc. v. John Does 1-43*, No. 12-3908, at * 3 (D.N.J. Feb. 15, 2013)).  In support of its motion, Plaintiff provides evidence that it has been unable to serve the First Amended Complaint on Secure Trust despite making diligent attempts to locate the entity and effect service.  (*See, e.g.*, Doc. No. 7, Normal Decl., Feb. 26, 2011, ¶ 3; Doc. No. 30, 3d Supp. Norman Decl.; Doc. No. 85, 4th Supp. Norman Decl., Ex. 9, Letter, Swiss Gov't).  Plaintiff also offers as evidence a letter from the Swiss Government informing Plaintiff that Secure Trust is not located at the address provided on its marketing materials, or anywhere else in the surrounding three Cantons (territorial districts).  (Doc. No. 85, 4th Supp. Norman Decl., Ex. 9, Letter, Swiss Gov't).

Upon review of the record and the motion, the Court agrees with Plaintiff that (1) dismissing Secure Trust without prejudice would further the interests of judicial economy; (2) complete relief can be granted despite Secure Trust's absence; and (3) no party would be prejudiced by Secure Trust's dismissal.  The Court likewise agrees that dismissal without prejudice in this instance is appropriate in order to preserve Plaintiff's ability to take action in the future should Secure Trust be, in fact, capable of being sued.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion to Dismiss Defendant Secure Trust without Prejudice.  (Doc. No. 86).  An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date:   June 27, 2013